1  Nicola Yousif, Esq. (Bar No. 679545)
   Shield Law, LLC
2  157 Belmont St.
   Brockton, MA 02301
3  Telephone: (508) 588-7300
   Facsimile:  (508) 588-7303
4
   Ryan L. McBride, Esq. (Admitted Pro Hac Vice)
5  ryan@kazlg.com
   **KAZEROUNI LAW GROUP, APC**
6  301 E. Bethany Home Rd, Suite C-195
   Phoenix, AZ 85012
7  Telephone: (800) 400-6808
   Fax: (800) 520-5523
8
   Attorneys for Plaintiffs,
9
   Victor Aduayi and Adeneye O Adesanya-Aduayi

10

11                          **United States District Court**

12                              **District of Massachusetts**

13

| | |
|---|---|
| 14  Victor Aduayi and Adeneye O Adesanya-Aduayi, Individually and On Behalf of All Others Similarly Situated | Case No.: 1:23-cv-10857-ADB |
| 15 | **[Class Action]** |
| 16 | **FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT, 12 U.S.C. § 2601, ET SEQ.** |
| 17                                Plaintiffs, | |
| 18  v. | |
| 19  PHH Mortgage Services and Newrez LLC, | **Jury Trial Demanded** |
| 20 | |
| 21                                Defendant | |

22                                    **Introduction**

23  1.   Victor Aduayi ("Plaintiff Victor") and Adeneye O Adensanya-Aduayi
24       ("Plaintiff Adeneye"), (collectively referred to as "Plaintiffs") bring this Class
25       action complaint on behalf of themselves, individually, and all others similarly
26       situated, by and through their attorneys, against Defendants PHH Mortgage
27       Services and Newrez LLC., ("Defendant PHH" or "Defendants") and alleges
28

upon information and belief as follows:

2. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, or to Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of each statute cited in its entirety.

4. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendants.

5. Congress found "that significant reforms in the real estate settlement process are needed to ensure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." 12 U.S.C.§ 2601.

6. To address this finding, Congress passed the Real Estate Settlement Procedures Act, 12 U.S.C. 2601 et. seq., ("RESPA") in 1974.

7. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA.

8. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R..§ 1024, RESPA's implementing regulation. 12 U.S.C.§ 2617.

9. Under RESPA and Regulation X, loan servicers, including Defendants, must provide borrowers with specific account information available to them in the

regular course of business upon receiving a Qualified Written Request ("QWR") or a Request for Information ("RFI") from the borrower. 12 U.S.C. § 2605(e)(1)(A); 12 C.F.R §§ 1024.35(a).

10. A servicer must respond within 30 days to a QWR for information or an RFI in one of two ways: (1) provide the requested information, or (2) conduct a "reasonable search" for the requested information and provide the borrower with written notification explaining the basis for the servicer's determination that the requested information is "not available." 12 C.F.R. § 1024.35(d)(1)(i) – (ii).

11. In its official commentary to Regulation X, the CFPB outlines what constitutes "not available." Information is "not available" if: "[(1.)] The information is not in the servicer's control or possession, or [(2.)] The information cannot be retrieved in the ordinary course of business through reasonable efforts." 12 C.F.R. § 1024, Supp. I, ¶ 36(d)(1)(ii).

12.    As an example of "available" information, the CFPB provides the following in its official commentary to Regulation X:

> A borrower requests a copy of a telephonic communication with a servicer. The servicer's personnel have access in the ordinary course of business to audio recording files with organized recordings or transcripts of borrower telephone calls and an identify    the communication referred to by the borrower through reasonable business efforts. The information requested by the borrower is **available to the servicer. 53 C.F.R. § 1024, Supp. I, ¶ 36(d)(1)(ii) (bold face added).**

13. Defendants have neglected to fulfill its duty to provide information available to it in the regular course of business to Plaintiffs upon receipt of Plaintiffs' QWR and RFI.

3

14. As alleged in greater detail below, Defendants have demonstrated a "pattern or practice" of failing to adequately respond to borrowers' requests for account information, which makes Defendants liable for statutory damages in an amount up to $2,000 for each failure to adequately respond. 12 U.S.C § 2605(f).

15. Notwithstanding this glaring failure to abide by its statutory duty, and despite Plaintiffs informing Defendants of its failure, Defendants continue to incorrectly characterize Plaintiffs' and other borrowers' reasonable requests for account information as "overbroad and unduly burdensome."

**Jurisdiction and Venue**

16. This court has subject matter jurisdiction over this action under 28 U.S.C 1331 because the action arises out of violations of RESPA, a federal law.

17. This Court has personal jurisdiction over Defendants because Defendants conduct business in Massachusetts and maintains significant contacts within the state.

18. Venue is appropriate in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C 1391 for the following reasons: 9i) Plaintiffs reside in Plymouth County, Massachusetts which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendants conducted business within this judicial district at all relevant times.

**Parties**

19. Plaintiffs are residents and citizens of Plymouth County, in the State of Massachusetts.

20. On information and belief, Defendants' principal place of business and headquarters is in Fort Washington, Pennsylvania.

**Factual Allegations as to Plaintiffs**

21. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as if fully stated herein.

22. On July 29, 2022, ADUAYI mailed a Qualified Written Request to Notice of Error and Request to PHH Mortgage Services. In this letter, in paragraphs seventeen and eighteen, ADUAYI asked for several documents including "[a] copy of any and all recordings…[and a] copy of any and all transcripts of conversations with [ADUAYI] or any other person concerning [ADUAYI]'s account."   Information pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e), and Regulation X, 12 C.F.R. §§ 1024.35, 1024.36.

23. On or about August 26, 2022, Plaintiffs' counsel received a partial response to their Qualified Written Request from Defendant PHH.

24. In this response, Defendant PHH failed to provide any of the requests recordings.

25. On November 29, 2022, Plaintiff's counsel sent a second Qualified Written Request to PHH, again requesting the recordings and transcripts of conversations.

26. On January 5, 2023, Defendant PHH mailed Plaintiff's counsel a letter that stated, "Thank you for the recent communication regarding the account referenced above in which you requested that we respond to the queries outlined in the correspondence. All communications with the vendors, collection notes, recorded calls and notes, transcripts of phone call are for internal purposes only. Therefore, we are unable to provide with any details related to the recorded calls, texts, notes or transcripts as requested. For copies of collateral or mortgage account documents used to make the above

determination, please write to the Research Department at PHH Mortgage Services, PO Box 66002, Lawrenceville, NJ 08648. We trust that the information provided has fully addressed the concern."

27. As a direct and proximate result of Defendant's willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to mental and emotional pain and anguish, frustration, anger, feelings of hopelessness and helplessness. This impaired Plaintiff's ability to carry out normal daily activities.

28. As a direct and proximate result of Defendant's willful action and inaction, Plaintiff was forced to pay postage to send a second letter on November 29, 2022. The postage costs were incurred due to Defendant's failure to properly respond to Plaintiff's first QWR letter. *See Uzuegbunam v. Preczewski,* 141 S. Ct. 792 (2021) (The cost of postage, however nominal, still qualifies as actual [pecuniary] damages.)

**General Allegations**

29. Plaintiffs are informed and believe that Defendant PHH received at least X additional similar requests in July of 2022.

30. In response to each and every request for recordings Defendant PHH gave the same uniform responses claiming that recordings and transcripts are for internal purposes only and that they were unable to provide any details.

31. Plaintiffs are informed and believe and hereupon allege that Defendant PHH has refused

to produce recordings for possibly hundreds if not thousands of consumers that have requested them.

32. Plaintiffs are informed and believe and hereupon allege that Defendant PHH has the ability to easily produce the requested recordings through reasonable business efforts.

33. Plaintiffs are informed and believe and hereupon allege that Defendant PHH did not individually review each account to determine if each consumer's request was unduly burdensome and/or overly broad.

34. Plaintiffs are informed and believe that several of the individuals that requested recordings from Defendant PHH only had a handful of conversations with Defendant PHH, therefore the production of the recordings was neither overly broad, nor burdensome in any way.

35. Defendant PHH's uniform responses, first by trying to require a subpoena when a subpoena is not required under RESPA and then Defendant PHH's uniform response that the requests were unduly burdensome and overly broad shows a pattern and practice of non-compliance with RESPA.

36. Furthermore, at least three requests were made by Plaintiffs for the recordings in question and Defendant PHH failed to produce the recordings in response to each request which further illustrates its pattern and practice of non-compliance.

## Choice of Law

37. The State of Massachusetts has sufficient interest in the conduct at issue in this complaint, such that Massachusetts law may be uniformly applied to the claims of the proposed Class.

38. Defendants do substantial business in Massachusetts, and a significant portion of the proposed Class are located in Massachusetts. Moreover, Defendants avail itself to these Massachusetts citizens by soliciting directly to them.

39. The State of Massachusetts also has the greatest interest in applying its law to Class members' claims. Massachusetts' governmental interest include protecting resident consumers against unfair or deceptive acts or practices. *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.,* 640 N.E.2d 1101, 1104 (Mass. 1994).

40. If other states' laws were applied to Class members' claims, Massachusetts' interest in discouraging resident corporations from engaging in the sort of unfair and deceptive practices alleged in this complaint would be significantly impaired.

41. Massachusetts could not effectively regulate companies like Defendants, which does business throughout the United States, if it can only ensure remuneration for consumers from one of the 50 states affected by conduct that runs afoul of its laws.

### Class Action Allegations

42. Plaintiffs brings this action on behalf of themselves and on behalf of all others similarly situated (the "Class"), pursuant to Federal Rule Civil Procedure 23(b)(1),(b)(2) and/or (b)(3).

43. The putative Class that Plaintiffs seek to represent is composed of:

> All persons within the United States who have or have had a mortgage loan with Defendants and who within three years from the filing of this Complaint have requested copies of audio recordings or transcripts of phone calls between themselves and Defendants pursuant to 12 U.S.C. § 2605(e)(1)(A) and 12. C.F.R. § 1024.36 and who have subsequently been denied access to those audio recordings by Defendants.

44. Excluded from the Class are any of Defendants officers, directors, employees, affiliates, legal representatives, attorneys, heirs, and assigns, and any entity in which Defendants have a controlling interest. Judicial officers presiding over this case, its staff, and immediate family members, are also excluded from the Class.

45. Plaintiffs do not know the number of members in the Class but believes the Class members number in the several thousands, if not more. Such information can be ascertained through Discovery from records maintained by Defendants. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

46. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiffs' claims are typical of the members of the Class, and Plaintiffs' can fairly and adequately represent the interests of the Class.

47. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

    a. Whether Defendants failed to provide audio recordings of telephone calls between Defendants and Class members as required under RESPA;

    b. Whether Defendants failed to conduct a "reasonable investigation" as required pursuant to 12 C.F.R. § 1024.35(d)(1)(i) – (ii);

    c. Whether Plaintiffs and the Class are entitled to damages under 12 U.S.C§ 2605(f);

    d. Whether Defendants demonstrates a "pattern or practice" of failing to respond to borrowers' QWRs and RFIs.) Whether Defendants' conduct violates 12 U.S.C. 2601 et. seq.; and

    e. Whether Plaintiffs and the putative Class and Subclass members are entitled to injunctive relief as sought herein

48. Plaintiff's claims are typical of those of the other Class members because Plaintiffs, like every other Class member, requests audio recordings or transcripts of telephone calls between Plaintiffs and Defendants, and Defendants refused to provide them.

49. Plaintiffs will fairly and adequately protect the interests of the Class and Subclass. Moreover, Plaintiffs have no interest that is contrary to or in conflict with those of the Class they seek to represent during the Class Period.

50. In addition, Plaintiffs have retained competent counsel experienced in Class action litigation to further ensure such protection and intend to prosecute this action vigorously.

51. The prosecution of separate actions by individual members of the Class and would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the Defendants in the State of Massachusetts and would lead to repetitious trials of the numerous common questions of fact and law in the State of Massachusetts. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a Class action. As a result, a Class action is superior to other available methods for the fair and efficient adjudication of this controversy.

52. Proper and sufficient notice of this action may be provided to the Class members through direct mail and email.
53. Moreover, the Class members' individual damages are insufficient to justify the cost of litigation, so that in the absence of Class treatment Defendants' violations of law inflicting substantial damages in the aggregate would not be remedied without certification of the Class.
54. Absent certification of this action as a Class action, Plaintiffs and the members of the Class will continue to be damaged by Chase's refusal to comply with RESPA.

## Cause of Action
## Violations Of The
## Real Estate Settlement Procedures Act, 12 U.S.C 2601 et. Seq.

55. Plaintiffs re-allege and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.
56. Plaintiffs' loans with Defendants were at all times relevant a "federally related mortgage loan" as defined by 12 U.S.C. 2602(1).
57. Defendants are, and was at all times, a loan "servicer" as defined by 12 C.F.R. § 1024.3.
58. Each plaintiff and Defendant are "persons" as defined by 12 U.S.C. § 2602(5).
59. A failure to follow regulations promulgated by the CFPB in Regulation X is per se a violation of RESPA. 12 U.S.C. § 2605(k).
60. Plaintiffs' request for audio recordings was both a QWR pursuant to 12 U.S.C. § 2605(e)(1)(A) and an RFI pursuant 12 C.F.R. 1024.36.

61. Audio recordings and transcripts of phone calls with borrowers are information "available in the regular course of business" to Defendants. See 12 C.F.R. § 1024, Supp. I, ¶ 36(d)(1)(ii).

62. Defendants failed to provide Plaintiffs with requested information available to Defendants in the ordinary course of business. Consequently, Defendants violated 12 U.S.C. § 2605(e), 12 U.S.C. § 2605(k) and 12 C.F.R. 1024.36.

63. Defendants further violated 12 U.S.C. § 2605(e), 12 U.S.C. § 2605(k), and 12 C.F.R. 1024.36 by failing to adequately investigate and respond to Plaintiffs' requests.

64. Plaintiffs know of at least 67 other similarly-situated borrowers who have requested audio recordings or transcripts of telephone calls between themselves and Defendants only to be likewise denied access to that information by Defendants. This is sufficient to demonstrate a "pattern or practice" under RESPA. As such, Defendants are liable for statutory damages in the amount of up to $2,000 per violation pursuant to 12 U.S.C 2605(f).

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

- That the Court determine this action may be maintained as a Class Action by certifying this case as a Class Action as to the Class;
- That the Court appoint Plaintiffs to serve as the Class Representatives in this matter and appoint Plaintiffs' Counsel as Class Counsel;
- That Defendants' wrongful conduct alleged herein be adjudged and decreed to violate the statutes and laws asserted herein; and
- That Plaintiffs and the Class be awarded injunctive relief prohibiting

such conduct in the future.

**Violations of the Real Estate Settlement Procedures Act,**

**12 U.S.C. 2601 et seq**

- - Injunctive relief prohibiting such conduct in the future.
- Injunctive relief ordering Defendants to release audio recordings and transcripts of telephone calls to Plaintiff and Class members.
- Statutory damages in an amount of $2,000 per violation to each of the named Plaintiffs individually and to each member of the Class pursuant to 12 U.S.C 2605(f)
- An award of actual damages according to proof per violation to each of the named Plaintiffs individually and to each member of the Class pursuant to 12 U.S.C. 2605 (f).
- Attorneys' fees and costs
- Any and all further relief that this Court deems just and proper.

**Trial By Jury**

65. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: March 19, 2024

                                   Victor Aduayi and Adeneye O Adesanya-Aduayi
                                       By their attorneys,

                               By: _/s/Ryan L. McBride_____
                                    Ryan L. McBride, Esq.